RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0092p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

THE CLEVELAND ELECTRIC ILLUMINATING
COMPANY; FIRSTENERGY NUCLEAR OPERATING
COMPANY; FIRSTENERGY GENERATION
CORPORATION,
       *Plaintiffs-Appellees/Cross-Appellants,*

    *v.*

UTILITY WORKERS UNION OF AMERICA, LOCAL 270,
       *Defendant-Appellant/Cross-Appellee,*

No. 04-3566/3567

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 03-02018—John M. Manos, District Judge.

Argued: June 10, 2005

Decided and Filed: March 14, 2006

Before: NORRIS and DAUGHTREY, Circuit Judges; JORDAN, District Judge.[*]

_____

**COUNSEL**

_____

**ARGUED:** Emily A. Tidball, GOLDSTEIN & O'CONNOR, Cleveland, Ohio, for Appellant. Gary W. Spring, ROETZEL & ANDRESS, Akron, Ohio, for Appellees. **ON BRIEF:** Emily A. Tidball, Bryan P. O'Connor, GOLDSTEIN & O'CONNOR, Cleveland, Ohio, for Appellant. Gary W. Spring, ROETZEL & ANDRESS, Akron, Ohio, for Appellees.

_____

**OPINION**

_____

LEON JORDAN, District Judge. The Cleveland Electric Illuminating Company, FirstEnergy Nuclear Operating Company, and FirstEnergy Generation Corporation, the plaintiffs in this case, appeal the district court's enforcement of the arbitrator's determination that the grievance filed by defendant Utility Workers Union of America, Local 270, on behalf of retirees was arbitrable. The defendant cross-appeals the portion of the district court's ruling requiring the retirees' consent as a condition of representation. For the reasons that follow, we affirm the district court's opinion.

_____

[*]The Honorable Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I. BACKGROUND

On December 2, 2002, the defendant, Utility Workers Union of America, Local 270 ("Union"), filed a grievance on behalf of its members and retirees against the plaintiffs, Cleveland Electric Illuminating Company, FirstEnergy Nuclear Operating Company, and FirstEnergy Generation Corporation (collectively "Cleveland Electric"), alleging that Cleveland Electric's decision to make changes in health benefits was a violation of the collective bargaining agreement ("CBA"). The grievance states: "The Company unilaterally and without bargaining changed the health care provisions and providers including but not limited to Preferred Provider Organizations, Prescription Coverage, Traditional Plans, and Health Maintenance Organizations for both active and retired members." The complaint proceeded through the CBA's grievance steps to arbitration with Cleveland Electric contending all along the way that the Union's grievance was not arbitrable with respect to the retirees because they were not employees covered by the CBA.

The parties submitted the issue of arbitrability to the arbitrator for his consideration, and he determined that the Union was not required to represent the retirees or to bargain on their behalf because the retirees were not members of the Union.[1] But, since the Union and Cleveland Electric agreed to include retirees' benefits in the CBA, the Union had standing to seek arbitration on behalf of the retirees for benefits that were included in the CBA. Importantly, at arbitration, Cleveland Electric did not argue that the arbitrator had no authority to decide the issue of arbitrability. Rather, Cleveland Electric's argument focused solely on the arbitrability of the retirees' health benefits.

Thereafter, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Cleveland Electric filed a complaint in federal court seeking to have the arbitrator's decision vacated. Cleveland Electric claimed that the arbitrator's ruling did not derive its essence from the CBA and was contrary to the CBA's express terms. Further, in its brief to the district court, Cleveland Electric questioned for the first time whether the arbitrator had authority to determine the arbitrability question. The district court found that the parties submitted the issue of arbitrability to the arbitrator "without reservation" and that Cleveland Electric thereby waived its right to have the issue decided by the court. On the issue of whether the retirees' dispute over the changes in their health care provisions was arbitrable, the district court upheld the arbitrator's decision that the Union could represent the retirees in arbitration, but disagreed with the arbitrator's determination that the retirees' consent was not necessary unless evidence submitted in arbitration demonstrated otherwise. The district court found that the retirees, unlike the active employees, had individual contractual rights and that they could not be forced to arbitrate their grievance. The district court held that the retirees must consent to the Union's representation.

In its appeal, Cleveland Electric argues that the district court erred: (1) in finding that Cleveland Electric waived its right to have the court decide the issue of arbitrability and (2) in upholding the arbitrator's decision on arbitrability. The Union appeals the portion of the district court's opinion requiring the Union to obtain the retirees' consent before proceeding to arbitration over the health benefits.

## II. ANALYSIS

### A.    Standard of Review

A district court's decision that confirms or refuses to vacate an arbitration decision is reviewed under the same standards as other district court decisions. This court must accept the

---

[1] At arbitration, the parties agreed to bifurcate and stay the active employees' grievance on this matter until the issue concerning the retirees' representation was settled.

district court's findings of fact unless they are clearly erroneous, but questions of law are reviewed *de novo. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995); *AK Steel Corp. v. United Steelworkers*, 163 F.3d 403, 407 (6th Cir. 1998).

**B.      Arbitrability of the Retirees' Grievance**

The framework considered by the Supreme Court in *First Options* is useful in separating the issues before this court.  There are three issues present in this case: (1) the propriety of Cleveland Electric's changes to the health care provisions of the CBA (the merits of the dispute); (2) whether the Union can force Cleveland Electric to arbitrate the merits related to the retirees' benefits; and (3) who has the authority to decide the second matter.  *See First Options*, 514 U.S. at 942.  Only the last two issues are before this court, and the last issue will be considered first.

*1. Who has the authority to decide arbitrability?*

The question of who, the court or the arbitrator, has the authority in a particular case to decide the arbitrability of a grievance determines the standard of review of the arbitrator's decision. If the parties have agreed to allow the arbitrator to decide arbitrability, the district "court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *Id.* at 943.  On the other hand, if the parties did not agree to submit the arbitrability question to the arbitrator, then the district court conducts an independent review.  *Id.*

Cleveland Electric raised the issue of who should decide arbitrability for the first time in its brief to the district court.  It argued that the arbitrator had no authority to determine arbitrability of the retirees' grievance and, therefore, that his decision is void *ab initio*.  Citing cases from the Supreme Court and this court, Cleveland Electric asserts that the question of whether the parties agreed to arbitrate a certain matter is to be decided by the court, not the arbitrator.  *See AT&T Techs. Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986) (reaffirming the principle that the court is to determine whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, on the basis of the parties' contract); *see also Armco Employees Indep. Fed'n v. AK Steel Corp.*, 252 F.3d 854, 859 (6th Cir. 2001) (finding that courts determine substantive arbitrability).

The Union did not address this issue in the district court because it had not been raised before, and its brief was filed the same day as Cleveland Electric's brief.  In its brief to this court, the Union agrees with the general statement of the law set out above but argues that the district court was correct in its conclusion that the parties "clearly and unmistakably consented to the arbitrator's jurisdiction on the issue" and waived the right to have the issue decided by the court.

In *AT&T Technologies*, the Supreme Court referenced the "Steelworkers Trilogy," a series of cases decided in 1960,[2] and reiterated four principles for which these cases stand, one of which is that the question of arbitrability of a particular dispute is a matter for judicial determination. *AT&T Techs.*, 475 U.S. at 649.  In this circuit, however, although a court is usually the proper venue for decisions about arbitrability, if the parties "clearly and unmistakably" submit the issue to the arbitrator "without reservation," then the parties have waived their right to have a court make the decision. *See Vic Wertz Distrib. Co. v. Teamsters Local 1038*, 898 F.2d 1136, 1140 (6th Cir. 1990); *see also Interstate Brands Corp. v. Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135*, 909 F.2d 885, 890 (6th Cir. 1990).

---

[2]The "Steelworkers Trilogy" cases are *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); and *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960).

In *Interstate Brands*, the union filed a grievance related to the dismissal of one of its members. The company participated in the arbitration proceedings on the issue of arbitrability as well as the merits, but later complained that the issue of arbitrability was a question for the court. *Interstate Brands*, 909 F.2d at 890. The court, relying on *Vic Wertz*, held that an agreement to have the arbitrator decide the issue of arbitrability will be implied where the parties did not bring the issue to the district court in the first place. *Id.* Thus, the company waived its right to have the court decide the arbitrability question by participating in the arbitration proceedings. *Id.*

In *First Options*, a case cited by Cleveland Electric in support of its argument, the Supreme Court held that deference to an arbitrator's decision on arbitrability is not necessary unless there is evidence of a clear and unmistakable willingness to arbitrate the issue. *First Options*, 514 U.S. at 944. However, *First Options* did not involve a union or a collective bargaining agreement, so there was no underlying agreement between the parties providing for arbitration. The issue was whether private parties could be forced to arbitrate the issue of arbitrability just because they filed a brief with the arbitrator objecting to the arbitrator's jurisdiction. *Id.* at 946. The Supreme Court found that the objecting party (the Kaplans) forcefully opposed the arbitrator deciding whether they had to arbitrate their dispute, and the arbitrator's ruling, therefore, was entitled to a court's independent review. *Id.* at 946-47.

The circumstances in this case are more like those in *Interstate Brands* than *First Options*. Cleveland Electric submitted the question of arbitrability to the arbitrator for his determination, and we can find nothing in the record to indicate that Cleveland Electric wanted to reserve the question of arbitrability for the court. The district court found, and this court agrees, that Cleveland Electric waived the issue of who had the power to decide the arbitrability of the retirees' grievance by submitting the matter to arbitration "without reservation."

### *2. Was the decision on arbitrability correct?*

The arbitrator found, and the district court agreed, that the issue of the retirees' health benefits was arbitrable. Based on this court's finding that the parties submitted the issue of arbitrability to the arbitrator, the arbitrator's decision is entitled to a deferential review. The arbitrator's decision will not be disturbed "unless it fails to 'draw its essence from the collective bargaining agreement.'" *Vic Wertz*, 898 F.2d at 1140 (quoting *Eberhard Foods, Inc. v. Handy*, 868 F.2d 890, 891 (6th Cir. 1989)).

Cleveland Electric argues that the district court erred in finding that the issue of the retirees' health benefits was arbitrable. Cleveland Electric contends that the presumption of arbitrability does not apply to retirees, and without the presumption, the unambiguous language of the agreement excludes retiree disputes from the arbitration process. Further, the retirees have remedies in court that the members of the collective bargaining unit do not, so arbitration of disputes is not necessary.

In response, the Union argues that the presumption of arbitrability applies to the dispute in this case, because it was the Union not the retirees who filed the grievance and the dispute is actually between the Union and Cleveland Electric. Second, the Union argues that the dispute involves the interpretation or application of a provision of the CBA. The fact that the dispute relates to retirees' benefits is not the deciding factor. Third, the language of the CBA is broad enough to encompass the dispute concerning the retirees' benefits making the presumption of arbitrability particularly applicable. Finally, the Union argues that the retirees' other remedies do not bar arbitration.

In addition to the principle of judicial determination of arbitrability discussed above, the Steelworkers Trilogy also established a "presumption of arbitrability." *Steelworkers v. Warrior &*

*Gulf Navigation Co.*, 363 U.S. 574, 583 (1960).  If the collective bargaining agreement contains an arbitration clause, the Supreme Court found that it should be presumed that the parties intended to arbitrate the dispute unless there is "positive assurance" that the arbitration clause does not cover the matter.  *Id.*  "[I]n cases involving broad arbitration clauses the Court has found the presumption of arbitrability 'particularly applicable,' and only an express provision excluding a particular grievance from arbitration or 'the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'"  *See United Steelworkers v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 131 (6th Cir. 1994) (quoting *AT&T Techs.*, 475 U.S. at 650).

       This court has held that the presumption of arbitrability is particularly applicable where the arbitration clause provides for arbitration of any controversy involving the interpretation of the CBA.  *See Commc'ns Workers v. Mich. Bell Tel. Co.*, 820 F.2d 189, 193 (6th Cir. 1987); *see also Mead Corp.*, 21 F.3d at 132.  In the agreement before this court, the parties clearly bargained for retirees' health benefits.  The relevant provisions are found in Article X, section 3, of the CBA.  The grievance procedures are set out in Article V of the CBA.  Section 1 of Article V provides that "the following grievance procedure shall be used by the Union to settle or adjust any disagreement concerning the interpretation or application of this Agreement."  There follows a set of procedures beginning with a grievance being filed and ending with arbitration.  Nothing in the CBA expressly excludes retirees' benefits from arbitration.

       Cleveland Electric argues that the retirees are not part of the collective bargaining unit and that the grievance procedures do not apply to them.  This argument is unavailing.  In *Allied Chemical & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 159 (1971), the Supreme Court considered whether a midterm modification of retirees' insurance benefits was an unfair labor practice.  The company sought to modify its contributions to the retirees' health benefits because Medicare was enacted.  *Id.* at 161.  The National Labor Relations Board found that the retirees' benefits were a mandatory subject of collective bargaining.  *Id.* at 162.  The Supreme Court held that the Board's decision was not supported by law; that the term "employee" does not include retired workers; that the retired workers are not employees included in the collective bargaining unit; and that retired workers' benefits are only a permissive subject of collective bargaining.  *Id.* at 166-82.  Nevertheless, the Supreme Court recognized that a union and company may agree to bargain for retirees' benefits, and once these bargained-for benefits are vested, retired workers may have contract rights under the collective bargaining agreement which they could enforce pursuant to § 301 of the Labor Management Relations Act if the benefits are changed.  *Id.* at 181, n. 20.

       In spite of the fact that retirees' benefits are not a mandatory subject of bargaining, several courts, including this one, have held that where a union and a company bargain for retirees' benefits and include the benefits in their contract, the union has standing to represent the retirees in any dispute concerning those benefits.  For example, in *Michigan Bell*, we held that the presumption of arbitrability applied to a dispute over retirees' benefits brought by the union because the union and the employer were parties to the contract providing for arbitration.  *Mich. Bell*, 820 F.2d at 192.  We pointed out that the union's assertion of rights for parties outside the bargaining unit was not dispositive of the duty to arbitrate.  *Id.*; *see also Int'l Union, (UAW) v. Yard-Man, Inc.*, 716 F.2d 1476, 1486 (6th Cir. 1983) (noting that the union, as a signatory to the contract, could bring an action for third party beneficiary retirees because it has a direct interest in maintaining the integrity of the retiree benefits created by the collective bargaining agreement).

       The Eighth Circuit's opinion in *Anderson v. Alpha Portland Industries, Inc.*, 752 F.2d 1293 (8th Cir. 1985), was cited with approval in *Michigan Bell*.  In *Alpha Portland*, the individual retirees were seeking enforcement of their rights in federal court, but the company objected arguing that the retirees had to exhaust the CBA's grievance procedures before filing suit in federal court under

§ 301. In arriving at its decision that the retirees did not have to exhaust the grievance procedures, the Eighth Circuit noted that the union would have had standing to represent the retirees rights under a collective bargaining agreement if it chose to do so, and an employer could not have refused to arbitrate its contractual obligations with the union. *Id*. at 1296.

The panel in *Yard-Man* relied on the Third Circuit's opinion in *United Steelworkers v. Canron, Inc.*, 580 F.2d 77 (3d Cir. 1978). In *Canron*, the Third Circuit considered a dispute over retirees' benefits brought by the union against the employer and noted that the employer was not required to bargain with the union over benefits of retired employees of its predecessor company. But, when a company contracts with the union to underwrite the premium costs of retirees' benefits, "the union has a legitimate interest in protecting the rights of the retirees and is entitled to seek enforcement of the applicable contract provisions." *Id.* at 80-81. The *Canron* court held that the union had standing to represent the retirees in seeking arbitration under its labor contract with the employer and stated that the arbitrability of the dispute was not to be "calculated by the status of the grievants but by the nature and duties of the obligations of the parties under the contract." *Id.* at 80-82.

Cleveland Electric relies on *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984), to support its argument that the presumption of arbitrability does not apply in this case. In *Schneider*, the trustees of an employees' benefit trust fund brought suit against two companies who were parties to a multi-employer trust fund and who had not made the contributions to the fund as required by the trust agreement, as incorporated into the terms of the applicable collective bargaining agreement. The union was not involved in the case. The Supreme Court rejected the presumption of arbitrability because nothing in the trust agreement or the collective bargaining agreements evidenced an intent by the parties to require exhaustion of the arbitration remedies set out in the collective bargaining agreements. *Id.* at 372. Nevertheless, the Court recognized that "[t]he presumption of arbitrability is, of course, generally applicable to any disputes between the union and the employer." *Id.* at 372, n. 14. The obvious distinction between *Schneider* and the case before this court is that in *Schneider* it was the trustees who were seeking to enforce trust agreements, not the union seeking to enforce provisions of collective bargaining agreements.

We find that the presumption of arbitrability applies to disputes over retirees' benefits if the parties have contracted for such benefits in their collective bargaining agreement and if there is nothing in the agreement that specifically excludes the dispute from arbitration. Thus, unless there is "forceful evidence of a purpose to exclude the claim from arbitration," the arbitrator's determination in this case that the dispute is arbitrable must stand.

Cleveland Electric argues that the retirees have other remedies that the active employees do not, such as the right to file a § 301 action against the company. *See, e.g.*, *Pittsburgh Plate*, 404 U.S. at 182, n. 20 ("The retiree, moreover, would have a federal remedy under § 301 . . . for breach of contract if his benefits were unilaterally changed."); *Yard-Man*, 716 F.2d at 1485 (stating that "[e]ach retiree has an undisputable and effective remedy against the employer for a breach of contract under § 301(a)"). The fact that the retirees have an alternative remedy, however, does not preclude the Union from undertaking to represent the retirees' interests. We recognized as much in *Yard-Man*, when we found that the union would have standing to bring suit on behalf of the retirees to enforce their bargained-for benefits because the union had a "direct interest in maintaining the integrity of the retiree benefits created by the collective bargaining agreement," notwithstanding the fact that the retirees may choose to deal with the company on their own. *Yard-Man*, 716 F.2d at 1486-87.

We find that the arbitrator's decision "drew its essence from the CBA." Therefore, in the absence of any forceful evidence of a purpose to exclude the dispute over the retirees' benefits from

arbitration, we affirm the district court's adoption of the arbitrator's decision as to the arbitrability of the dispute.

### C. Consent of the Retirees to Union Representation

The Union has cross-appealed the district court's decision to require the Union to obtain the consent of the retirees before taking the grievance to arbitration. The Union argues that because it has standing to pursue the retirees' benefits grievance, consent of the retirees is unnecessary; that a consent requirement contravenes national labor policy; and that the nature and extent of the consent requirement is ambiguous. Cleveland Electric contends that if the grievance is arbitrable, the district court was correct in its determination that the Union must secure the consent of the retirees before proceeding to arbitration.

The arbitrator recognized that the retirees might have individual rights outside of the CBA, particularly under ERISA, but he reserved a decision on the need for the Union to obtain the retirees' consent because it was not clear that the Union's claims were related to any of the retirees' statutory rights. The district court disagreed with the arbitrator's decision not to require the Union to obtain the retirees' consent. Unlike the arbitrator, the district court found that *Rossetto v. Pabst Brewing Co., Inc.*, 128 F.3d 538 (7th Cir. 1997), applied in this case. In *Pabst Brewing*, the Seventh Circuit recognized that a union has standing to arbitrate the meaning of a collective bargaining agreement that grants rights to third parties simply by virtue of the fact that the union is a party to the contract. *Id.* at 539. But this did not end the court's inquiry. The court held that because the retirees had statutory rights to the benefits, as well as other types of claims, which they could pursue directly with the company, the union must obtain the assent of the retirees before purporting to represent them at arbitration. *Id.* at 541.

We agree with the district court on this issue. There are at least two dangers in failing to require the Union to obtain the retirees' consent. On the one hand, as pointed out in the *Pabst Brewing* decision, the retirees could lose their rights to pursue their claims directly with Cleveland Electric if the Union obtains an unfavorable arbitration decision. *Id.* at 540 (stating that if the union "loses in arbitration, the retirees lose, period"); *see also Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Acme Precision Prods., Inc.*, 515 F. Supp. 537, 540 (E.D. Mich. 1981) (finding that in the absence of a de facto class action, the union's filing of a grievance or a lawsuit would preclude retirees from pursuing their claims with the company).

On the other hand, Cleveland Electric could be faced with numerous retirees' claims and lawsuits if a determination is made that the Union was not authorized to act on the retirees' behalf. This point was made clear in *Meza v. General Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990). In *Meza*, an injured former employee filed suit against his employer for disability and pension benefits provided for in the collective bargaining agreement. The union had filed a previous lawsuit over these same benefits and claimed that its intent was to represent all the injured employees. The Fifth Circuit held that res judicata did not apply to Meza's suit because he was not a party to the prior suit; he was not in privity with the union and was not bound by the union's action; and he had not expressly or impliedly authorized the union to represent his interests. *Id.* at 1280. Thus, Meza's suit was allowed to go forward notwithstanding the fact that the same issues had been considered in prior litigation between the union and company.

The Union argues that if it is required to obtain the retirees' consent, the district court's consent requirement was ambiguous in that it did not set out the exact nature and extent of the consent to be obtained. Cleveland Electric takes the position that anything short of a 100% yes-or-no response by the retirees is unacceptable. It is not this court's responsibility, however, to define

the consent requirement for the parties.  The arbitrator is in a much better position to establish the consent guidelines.

Therefore, we agree with the district court that the arbitrator cannot defer the issue of whether the Union has received the consent of the retirees.  In order to arbitrate a retiree's benefits, the Union must obtain the consent of the retiree.  It will be the arbitrator's responsibility to establish the nature and extent of the consent requirement.

### III.  CONCLUSION

For these reasons, we find that the parties submitted the question of arbitrability to the arbitrator and that the arbitrator correctly decided that the Union has standing to arbitrate the issue of the retirees' benefits.  The Union's grievance over the retirees' benefits is arbitrable, and the district court's decision is AFFIRMED.