STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
LOCATION: Augusta
Docket No. CV-15-31

CITY OF AUGUSTA,                    )
                                    )
            Plaintiff,              )        **ORDER ON THE CITY OF**
                                    )        **AUGUSTA'S APPLICATION FOR A**
      v.                            )        **STAY OF ARBITRATION**
                                    )        **PROCEEDINGS**
TEAMSTERS UNION LOCAL #340,         )
                                    )
            Defendant.              )
                                    )

The City of Augusta ("City") applies for a stay of arbitration proceedings pursuant to 14 M.R.S.A. § 5928(2) brought by defendant Teamsters Union Local #340 ("Teamsters") on behalf of its retired employee, Keith Brann. The City argues that the arbitration proceedings should be stayed because the City did not agree to arbitrate grievances brought by the Teamsters on behalf of its retired members. This is because retirees, such as Mr. Brann, are not "eligible employees" under the terms of the Collective Bargaining Agreement ("CBA"), or "public employees" within the meaning of the Municipal Public Employees Labor Relations Act ("MPELRA"). The Teamsters respond that the City's position is contrary to settled law and, if drawn to its logical conclusion, would effectively render the grievance process meaningless.

For the reasons discussed below, the Court denies the City's application to stay arbitration because it cannot be said with positive assurance that the arbitration clause in Article 1 of the CBA is not susceptible of an interpretation that covers the asserted dispute.

1

## I. Factual Background

Keith Brann is a former member of the City of Augusta's Police Supervisor's Unit, which is represented by Teamsters. (Affidavit of Kristina Gould ("Gould Aff.") ¶4.) While Mr. Brann was still employed with the City, he filed a grievance with the City based on its stated interpretation of Article 22, section 2 of the CBA defining retiree health insurance benefits. (Affidavit of Keith Brann ("Brann Aff.") ¶ 3; Grievance attached thereto). Mr. Brann filed his grievance through the Teamsters. (*Id.*) Mr. Brann retired from active duty on July 11, 2014, shortly after filing his grievance. (Gould Aff. ¶ 5.) Arbitration proceedings regarding this grievance were scheduled to begin on March 5, 2015, but have been stayed pending the Court's decision on the present motion. (*See id.* at ¶ 7.)

The CBA provides, in pertinent part, that:

> The CITY recognizes the UNION as the sole and exclusive bargaining agent for the purpose of negotiating salaries, wages, hours, and other conditions of employment for all its eligible employees within the bargaining unit of the supervisory police officers, except the Chief of Police and Deputy Chief/Mayor, as determined in accordance with the Municipal Public Employees Labor Relations Act.

(Ex. A to Gould Aff. the CBA, Article 1 (emphasis added).)

Article 11 of the CBA goes on to lay out the grievance procedure, explaining that its purpose is "to secure at the lowest possible administrative level, equitable solutions to grievances free from coercion, restraint, reprisal." (*Id.*, Article 11, section 1.) Article 11 also defines an employee as "any person covered by this agreement as provided for under Article 1 – Recognition." (*Id.*, Article 11, section 2(a).) Furthermore, Article 11 explains that "[g]rievance shall mean any claimed violation, misinterpretation or inequitable application of this agreement…." (*Id.*, Article 11, section 2(d).)

2

## II.    Discussion

The City contends that nothing in the CBA or the MPELRA authorizes the Teamsters to bring and pursue arbitration proceedings on behalf of its former employees. In making this argument, the City first points out that Article 1 of the CBA provides, "The CITY recognizes the UNION as the sole and exclusive bargaining agent for the purpose of negotiating...for all its *eligible employees* within the bargaining unit of the supervisory police officers...as determined in accordance with the [MPELRA]." (Exhibit A to Gould Aff. CBA, Article 1 (emphasis added).) The MPELRA, in turn, recognizes the right of "*public employees*...to be represented by [labor] organizations in collective bargaining for terms and conditions of employment." 26 M.R.S.A. § 961 (emphasis added). Based on this language, the City argues that retirees are not "public employees" within the meaning of the MPELRA.

In support, the City points to *Interpretive Ruling, Millinocket Sch. Comm.*, No. 92-IR-01 (July 13, 1992) (*"Millinocket"*), which, it argues, concluded that retirees are not "public employees" under section 962(6) of the MPELRA. As a result, the City contends *Millinocket* found that employers subject to the MPELRA are not obligated to bargain over benefits for persons who have already retired. The City also points to *Allied Chemical and Alkali Workers of America, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157 (1971) (*Pittsburgh Plate Glass"*), in which the City contends the United States Supreme Court found it was not an unfair labor practice for employers to deal directly with retirees concerning their insurance benefits because retirees were not "employees." From these decisions the City argues that Mr. Brann is not a "public employee" protected under the MPELRA, cannot be an employee within the bargaining

3

unit represented by the Teamsters, and therefore does not have an agreement with the City to arbitrate grievances.

The City also argues that while *Pittsburgh Plate Glass* suggests that a union may, in certain cases, bargain for retiree health insurance, that possibility is foreclosed under Maine public sector law, which does not provide bargaining units the authority to negotiate on behalf of retirees. In support, the city points out that Maine law specifically authorizes bargaining agents in the private sector to negotiate on behalf of retired employees, but is silent with respect to bargaining agents in the public sector. Finally, the City points out that if the court stays arbitration, Mr. Brann is not left without a remedy. The City contends that Mr. Brann can pursue his grievance in court based on ordinary principles of contract law.

The Teamsters respond that the cases cited by the City are distinguishable because they involve bargaining being sought for retirees after their retirement. In the present case, the dispute arose during Mr. Brann's employment. The Teamsters further argue that the City's argument is contrary to settled law, which strongly favors arbitrating disputes as explained in *Cape Elizabeth School Bd. v. Cape Elizabeth Teachers Ass'n,* 459 A.2d 166 (Me. 1983). The Teamsters also argue that the logic of the City's argument effectively renders the grievance process meaningless. In particular, the Teamsters explain that under the City's logic, a unit member who was discharged without just cause in violation of the CBA could not pursue his grievance through the CBA because his discharge would render him no longer an employee or member of the bargaining unit. This "fallacious" result, the Teamsters contend was implicitly rejected by the Law Court in *Cape Elizabeth School Bd.* Finally, the Teamsters argue that the City raised a similar

4

argument in *City of Augusta v. IAFF Local 1650*, conceding that retirement benefits provided to employees were mandatory subjects of bargaining and therefore enforceable in an expired contract, but claiming that the provision was only enforceable as to employees who retired during the term of the contract and not those who retired after the CBA expired.

In reply, the City argues that the Teamsters do not dispute that the union is not entitled to bring a grievance on behalf of its retired members. Instead, the Teamsters allegedly oppose the City's application on the grounds that Mr. Brann filed his grievance while he was an active employee of the City. In response to this perceived argument, the City contends that at the time of the grievance, Mr. Brann had nothing to grieve because he was not receiving retirement benefits and the City's letter announcing its interpretation of Article 22 section 2 did not give rise to an actionable grievance at the time. In addition, the City argues that the Teamsters' hypothetical regarding the City's interpretation of the grievance process is distinguishable because the employee in the hypothetical is in a different position.

In general, parties "cannot be compelled to submit their controversy to arbitration unless they have manifested in writing a contractual intent to be bound to do so." *State of the Arts v. Congress Prop. Mgmt. Corp.*, 1997 ME 18, ¶ 4, 688 A.2d 926 (quoting *Nisbet v. Faunce*, 432 A.2d 779, 782 (Me. 1981). In determining whether a dispute is subject to arbitration, however, "there is a broad presumption under Maine law favoring substantive arbitrability[.]" *Cape Elizabeth School Bd. v. Cape Elizabeth Teachers Ass'n*, 459 A.2d 166, 169 (Me. 1983). Indeed:

> The Maine legislature's strong policy favoring arbitration dictates a
> conclusion that the dispute has been subjected to arbitration if the parties

5

have generally agreed to arbitrate disputes and if 'the party seeking arbitration is making a claim which, *on its face*, is governed by the collective bargaining contract.' … By an alternative formulation it has been held that a court will find a dispute arbitrable 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'

*Id.* at 168-169 (footnotes and citations omitted, emphasis in original).

Here, the Court denies the City's application for a stay because it cannot be said with positive assurance that the arbitration clause in Article 1 of the CBA is not susceptible of an interpretation that covers the asserted dispute. This is because Article 1 of the CBA could be read as including individuals who were employees at the time the CBA was negotiated, but have since retired, as "eligible employees within the bargaining unit of the supervisory police officers…as determined in accordance with the [MPELRA]." Indeed, numerous courts presented with similar questions have determined that retirees are not exempt from the arbitration provision of a collective bargaining agreement.[1]

_____

[1] *E.g. United Steelworkers of America v. Canron, Inc.*, 580 F.2d 77, 81 (3d Cir. 1978) (holding that the union had standing to represent retirees in seeking arbitration under its labor contract and explaining that "[e]ven though retirement benefits of former employees already retired are not a mandatory subject of collective bargaining, it does not naturally follow…that a union loses all interest in the fate of its members once they retire") (quotation omitted); *Cleveland Elec. Illuminating Co. v. Utility Workers Union of America*, 440 F.3d 809, 816 (6th Cir. 2006) (rejecting argument that the union's grievance was not arbitrable with respect to retirees because they were not employees covered by the CBA and explaining that "the presumption of arbitrability applies to disputes over retirees' benefits if the parties have contracted for such benefits in their collective bargaining agreement and if there is nothing in the agreement that specifically excludes the dispute from arbitration. Thus, unless there is 'forceful evidence of a purpose to exclude the claim from arbitration,' the arbitrator's determination in this case that the dispute is arbitrable must stand"); *United Steelworkers of America v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 560-61 (9th Cir. 2008) (affirming order compelling arbitration and rejecting argument that the

6

Furthermore, *Millinocket, IAFF Local 1650 v. City of Augusta*, and *Pittsburgh Plate Glass*, upon which the City relies, do not provide otherwise. None of these case issued a general pronouncement that retirees cannot be treated as employees in any instance. Instead, *Millinocket* and *Pittsburgh Plate Glass* determined that individuals who retired before a new collective bargaining agreement was negotiated were not "employees" for the purpose of the new collective bargaining agreement.

In particular, the MLRB, in *Millinocket*, issued an interpretive ruling that addressed, in pertinent part, whether the subject of school board payment of health insurance for retirees is an illegal or non-mandatory subject of collective bargaining under section 9651(1)(C) of the MPELRA. No. 92-IR-01. In resolving this issue, the MLRB explained that "[r]etirees are not 'public employees' under section 962(6) of the MPELRA" and that, consequently, "employers subject to the MPELRA are not obligated to bargain over benefits for persons who have already retired from employment." *Id.* at *8. *Millinocket* went on to explain that this did not end the inquiry because the "parties to a contract may, if they choose to do so, agree to the accrual of rights during the term of

presumption in favor of arbitrability did not apply because the named parties are retired); *Kop-Flex Emerson Power Transmission Corp. v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge No. 1784*, 840 F. Supp. 2d 885, 891-92 (D. Md. 2012) (rejecting argument that the retirees in question are not employees under the current CBA and have no rights under that document, and noting that after *Pittsburgh Plate Glass*, "nearly every court to consider the issue has relied on the presumption in favor of arbitrability in finding that disputes regarding retiree benefits are generally subject to arbitration—so long as the collective bargaining agreements in question include terms regarding retiree health benefits"); *Van Pamel v. TRW Vehicle Safety Systems, Inc.*, 2012 WL 3134224 (E.D. Mich. Aug. 1, 2012) ("[t]his court has maintained that the presumption of arbitrability applies to disputes over retirees' benefits in the past, and continues to do so here); *see also Frontier Commc'n. of N.Y., Inc. v. IBEW, Local Union 503*, 2008 U.S. Dist. LEXIS 37213, 7-8 (S.D.N.Y. May 6, 2008) ("It is 'axiomatic' that a party to an agreement has standing to sue a counter-party who breaches that agreement, even where some or all of the benefits of that contract accrue to a third party").

7

an agreement and their realization after the agreement has expired." *Id.* (quotation and citations omitted). "More specifically, they may agree to the accrual of rights during the term of an agreement and their realization upon or after retirement…[by] persons who eventually will retire from employment, but have not yet done so." *Id.* Accordingly, "if an employer and a bargaining agent bargain over retiree health insurance so as to make it clear that they are doing so on behalf of (for the benefit of) bargaining unit members, [*Pittsburgh Plate Glass*, 404 U.S. 157] is inapplicable." *Id.*

*IAFF Local 1650* summarized *Millinocket* and confirmed that *Millinocket's* ruling was "still valid" as was its conclusion that "future retirement benefits for current employees is a mandatory subject of bargaining." *IAFF Local 1650 v. City of Augusta, Status Quo Determination*, No. 11-03SQ at *18 (Dec. 15, 2011). In particular, *IAFF Local 1650* explained that *Millinocket* "concluded that because retirees are not 'public employees' under the [MPELRA], employers are not obligated to bargain over benefits for those who have already retired from employment." *Id.*

*Pittsburgh Plate Glass*, in turn, involved a union attempting to stop an employer from going directly to individuals who were already retired and offering them pension options other than those they were entitled to under contracts negotiated while they were employees. *See* 404 U.S. at 161-62; *see also Millinocket*, No. 92-IR-01, *8 (discussing *Pittsburgh Plate Glass*). In determining that this practice did not constitute an unfair labor practice under the National Labor Relations Act, the Court explained that retirees were not "employees" because they did not share a community of interests broad enough to justify including retirees in the bargaining unit. *Id.* at 173. The Court clarified, however, that "there is no anomaly in the conclusion that retired workers are 'employees'

8

within [29 U.S.C.A. § 186(c)(5), regarding restrictions on financial transactions, and thus] entitled to the benefits negotiated while they were active employees, but are not 'employees' whose ongoing benefits are embraced by the bargaining obligation of [29 U.S.C.A. § 158(a)(5), regarding unfair labor practices]." *Id.* at 170. Similarly, the Court explained that "[t]o be sure, the future retirement benefits of active workers are part and parcel of their overall compensation and hence a well-established statutory subject of bargaining." *Id.* at 180. In addition, the Court clarified that it was not clear whether the collective bargaining agreement in *Pittsburgh Plate Glass* "provided for arbitration that would have been applicable to this dispute. We express no opinion, therefore, on the relevance of such a provision to the question before us." *Id.* at 188 n. 24

Accordingly, *Pittsburgh Plate Glass, Millinocket, and IAFF Local 1650's* assertion that retirees are not employees was focused on the determination of whether individuals who have already retired can form part of the bargaining unit negotiating a new collective bargaining agreement. Those decisions did not directly address whether retirees, who were active employees at the time the collective bargaining agreement was negotiated, constitute employees under said agreement. In any event, while not directly confronted, *Pittsburgh Plate Glass* indicated that retirees *are* employees for purposes of pursuing a grievance under a bargaining agreement they entered into while active employees. *See* 404 U.S. at 180; *see also* cases cited *supra*, footnote 1.

Finally, as to the City's argument that Mr. Bann's grievance was not ripe at the time it was lodged, the Court notes that the City raised this argument for the first time in its reply brief. *E.g. Bayview Loan Servicing v. Bartlett*, 2014 ME 37, ¶ 24, 87 A.3d 741. .Therefore, the Court would be justified in ignoring this argument. Nevertheless, the

9

Court will address this argument in the interests of efficiency. The Court finds that in light of the City's letter announcing its interpretation of Article 22, section 2 of the CBA, the Teamsters clearly had an actionable grievance within the terms of the CBA, which includes, "any claimed...misinterpretation...of this agreement...." (Ex. A to Gould Aff., the CBA, Article 1 (emphasis added).) Furthermore, even if the grievance was not ripe at the time it was filed—which it was—it undoubtedly ripened when Mr. Brann retired shortly after the grievance was submitted. *See Berry Huff McDonald Milligan v. McCallum*, 2013 Me. Super. LEXIS 40, *19 (March 26, 2013) (recognizing that a counterclaim that ripens during the pendency of a suit would be a permissive, not compulsory counterclaim). Accordingly, the Court finds that the Teamsters grievance was ripe because it embraced a "genuine controversy and a concrete, certain, and immediate legal problem." *Marquis v. Town of Kennebunk*, 2011 ME 126, ¶ 18, 36 A.3d 861.

### III. Conclusion

The Court **denies** the City's application to stay arbitration because it cannot be said with positive assurance that the arbitration clause in Article 1 of the CBA is not susceptible of an interpretation that covers the asserted dispute. In addition, the Court rejects the City's argument that the grievance was not ripe because it was raised for the first time in the City's reply brief and addresses a genuine controversy that is concrete, certain, and immediate.

Dated: July 21, 2015

_____
Michaela Murphy, Justice
Maine Superior Court

10

CITY OF AUGUSTA - PLAINTIFF

Attorney for: CITY OF AUGUSTA
STEPHEN E F LANGSDORF  - RETAINED
PRETI FLAHERTY ET AL
45 MEMORIAL CIRCLE
PO BOX 1058
AUGUSTA ME 04332-1058

vs
TEAMSTERS UNION LOCAL 340 - DEFENDANT
144 THADEUS STREET
SOUTH PORTLAND ME 04106
Attorney for: TEAMSTERS UNION LOCAL 340
HOWARD REBEN  - RETAINED
REBEN, BENJAMIN & MARCH
97 INDIA STREET
PO BOX 7060
PORTLAND ME 04112-7060

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2015-00031

## DOCKET RECORD

Filing Document: PETITION
Filing Date: 03/02/2015

Minor Case Type: OTHER STATUTORY ACTIONS

## Docket Events:

03/05/2015 FILING DOCUMENT - PETITION FILED ON 03/02/2015
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          APPLICATION TO STAY ARBITRATION PROCEEDINGS

03/06/2015 Party(s):  CITY OF AUGUSTA
          ATTORNEY - RETAINED ENTERED ON 03/02/2015
          Plaintiff's Attorney: STEPHEN E F LANGSDORF

03/17/2015 Party(s):  TEAMSTERS UNION LOCAL 340
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 03/10/2015
          ACCEPTED BY HOWARD REBEN

03/17/2015 Party(s):  TEAMSTERS UNION LOCAL 340
          ATTORNEY - RETAINED ENTERED ON 03/17/2015
          Defendant's Attorney: HOWARD REBEN

04/02/2015 Party(s):  TEAMSTERS UNION LOCAL 340
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/27/2015
          Defendant's Attorney: HOWARD REBEN
          W/ AFFIDAIT OF KEITH BRANN

04/08/2015 Party(s):  CITY OF AUGUSTA
          OTHER FILING - REPLY MEMORANDUM FILED ON 04/06/2015
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          REPLY TO DEFT'S OPPOSTION TO APPLICATION TO STAY ARBITRATION PROCEEDINGS

04/08/2015 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/08/2015
          M MICHAELA MURPHY , JUSTICE

04/14/2015 HEARING - OTHER MOTION SCHEDULED FOR 06/02/2015 at 02:30 p.m.  in Room No.  4

M MICHAELA MURPHY , JUSTICE
MOTION TO STAY ARBITRATION PROCEEDINGS

04/14/2015 HEARING - OTHER MOTION NOTICE SENT ON 04/14/2015
MOTION TO STAY ARBITRATION PROCEEDINGS

06/02/2015 HEARING - OTHER MOTION HELD ON 06/02/2015
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: HOWARD REBEN
Plaintiff's Attorney:   STEPHEN E F LANGSDORF
MOTION TO STAY ARBITRATION PROCEEDINGS                     COURTROOM 3,
2:25:40 TO 2:44:32

06/03/2015 CASE STATUS - DECISION UNDER ADVISEMENT ON 06/02/2015
M MICHAELA MURPHY , JUSTICE
MOTION TO STAY ARBITRATION PROCEEDINGS

07/21/2015 ORDER - COURT ORDER ENTERED ON 07/21/2015
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL AND REPOSITORIES                        ORDER ON THE CITY OF
AUGUSTA'S APPLICATION FOR A STAY OF ARBITRATION PROCEEDINGS
                        SEE NOTE AT JUDGMENT

07/21/2015 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/21/2015
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - COURT JUDGMENT ENTERED ON 07/21/2015
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for TEAMSTERS UNION LOCAL 340 and against CITY OF AUGUSTA. THE COURT DENIES
THE CITY'S APPLICATION TO STAY ARBITRATION BECAUSE IT CANNOT BE SAID WITH POSITIVE ASSURANCE
THAT THE ARBITRATION CLAUSE IN ARTICLE 1 OF THE CBA IS NOT SUSCEPTIBLE OF AN INTERPRETATION
THAT COVERS THE ASSERTED DISPUTE.  IN ADDITION, THE COURT REJECTS THE CITY'S ARGUMENT THAT THE
GRIEVANCE WAS NOT RIPE BECAUSE IT WAS RAISED FOR THE FIRST TIME IN THE CITY'S REPLY BRIEF AND
ADDRESSES A GENUINE CONTROVERSY THAT IS CONCRETE, CERTAIN, AND IMMEDIATE.

07/21/2015 FINDING - FINAL JUDGMENT CASE CLOSED ON 07/21/2015

A TRUE COPY
ATTEST:  _____
                    Clerk